152    APPELLATE COURTS OF ILLINOIS.

Dodd v. Fruit Growers Refrigerating & Power Co., 147 App. 152.

## Taylor Dodd, Appellant, v. Fruit Growers Refrigerating & Power Company, Appellee.

1. VERDICT—*when special findings not consistent.* Special findings which are not responsive to any proper issue in the cause will not affect the general verdict as being inconsistent therewith.

2. APPEALS AND ERRORS—*what question not considered upon review.* Rulings complained of but not pointed out by abstract or brief will not be considered.

Action in case. Appeal from the Circuit Court of Union county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in· this court at the February· term, 1908. Affirmed. Opinion filed September 12, 1908. Rehearing denied February 25, 1909.

W. D. LYERLE and TAYLOR DODD, for appellant.

A. NEY SESSIONS, JAMES LINGLE and P. E. HILEMAN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in case, in the Circuit Court of Union county, by appellant against appellee, to recover damages to abutting property, alleged to have been caused by appellant in the construction of its car and electric light lines, upon a public street, in front of appellant's residence property, in the city of Anna. Trial by jury. Verdict and judgment in favor of appellee.

The declaration charges that appellee so negligently constructed its car line and track upon the public street, along and in front of appellant's premises, as to destroy his "ingress and egress to and upon the street;" and that in erecting its electric light poles and stringing its wires, appellee negligently and unnecessarily injured certain shade and ornamental trees which appellant's predecessor in title and appellant had planted and grown upon the public street, upon which his premises abutted.

Many questions are suggested and urged in this case that are in no manner involved in the record. In each count of the declaration appellant bases his action on the ground of negligence in construction, and bases the measure of his damages upon depreciation of market value of his premises. In addition to their general verdict finding the defendant not guilty, the jury returned therewith a special finding to the effect that appellant's premises had not depreciated in market value. This appears from a special interrogatory submitted to the jury and their answers thereto as follows: "Was plaintiff's property at the time of completion of the improvement in question, in the fair cash market value thereof, worth as much or more than it was immediately before said work was begun?" Answer, "Yes."

While there was conflict and contrariety of evidence both as to the questions of negligent construction and unnecessary injury, and depreciation of market value, still, the state of the evidence was such as to fully warrant the jury in its findings. Appellant clearly failed to prove either branch of his case by a preponderance of the evidence. The case was tried upon the theory of the law presented by appellant's declaration, and appellant failed for lack of a preponderance of the evidence bearing upon the two controlling questions.

In addition to the special interrogatory and answer above quoted, two others appear to have been returned by the jury, and appellant claims that they are inconsistent with the general verdict, and that the court erred in not rendering judgment in his favor on these special findings. These interrogatories are not responsive to any proper issue in the case and are, therefore, not inconsistent with either the general verdict or the special finding above quoted; and further, this question was not raised in the trial court, by motion for judgment on the special findings, nor in

appellant's motion for new trial, nor in any other manner.

Counsel state that the court erred in refusing to admit "the evidence offered under the sixth error assigned." The sixth error assigned is: "The court erred in refusing the evidence offered by the plaintiff to show and for what purpose the petitions and waivers of damages were obtained." This alleged offered evidence is nowhere pointed out to us either in the brief or argument. The question is, therefore, not so presented as to call for discussion; we may however say, that from what does appear we see no error in the court's ruling.

Certain objections are made to a number of instructions given on behalf of appellee. We do not find any such error in the rulings of the court with respect to the instructions as would warrant a reversal of the judgment. This is one of that class of cases in which slight errors will not reverse, a case where upon the whole evidence substantial justice has been done by the verdict of the jury and the judgment of the trial court.

The judgment of the Circuit Court is affirmed.

*Affirmed.*